IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | CASE NO. CR416-001 |
| ) | |
| ROBERT BRYAN, ) | |
| ) | |
| Defendant. ) | |

## O R D E R

Before the Court is Defendant Robert Bryan's Motion for Credit for Time Served (Doc. 35) and the Government's Motion to Dismiss Defendant's Motion for Credit for Time Served (Doc. 36). For the following reasons, the Government's motion (Doc. 36) is **GRANTED** and Defendant's motion (Doc. 35) is **DISMISSED**.

In his motion, Defendant seeks credit for time served from April 29, 2016 to October 16, 2016 to be applied toward his federal sentence. (Doc. 35 at 3.) In response, the Government argues that Defendant's motion should be dismissed for two reasons: (1) Defendant failed to exhaust his administrative remedies; and (2) Defendant failed to bring his motion under 28 U.S.C. § 2241. (Doc. 36 at 1.) The Court agrees with the Government and finds that Defendant's motion is due to be dismissed.

The BOP, not the Court, possesses the authority to determine the manner in which credit for prior custody is applied toward a federal sentence. Rodriguez v. Lamer, 60 F.3d 745, 747 (11th Cir. 1995) ("The Attorney General—acting through the BOP—initially possesses the exclusive authority under the law of this Circuit to

compute sentence credit awards after sentencing."); United States v. Roberson, 746 F. App'x 883, 885 (11th Cir. 2018) ("The Supreme Court has held that the responsibility for determining sentence-credit awards lies with the Attorney General, through the BOP, as opposed to district courts."). If Defendant has fully exhausted his administrative remedies with the BOP, Defendant may mount a judicial challenge to the BOP's decision by filing a civil action under 28 U.S.C. § 2241 in the district and division of his confinement. Fernandez v. United States, 941 F.2d 1488, 1495 (11th Cir. 1991); United States v. Gaynor, No. CR 406-014, 2016 WL 4030076, at *1 (S.D. Ga. July 26, 2016).

As the Government notes, Defendant has not put forth any evidence that he sought administrative relief through the BOP. (Doc. 36 at 2.) Additionally, Defendant improperly filed this motion in his criminal case, rather than in a civil action under 28 U.S.C. § 2241. United States v. Spaulding, No. CR 612-017, 2020 WL 907873, at *1 (S.D. Ga. Feb. 25, 2020) ("Regardless of any exhaustion requirements, . . . Spaulding must bring her claim for sentencing credits pursuant to 28 U.S.C. § 2241."). Based on the foregoing, the Government's Motion to Dismiss (Doc. 36) is **GRANTED** and Defendant's Motion for Credit for Time Served (Doc. 35) is **DISMISSED**.

SO ORDERED this 24th day of September 2020.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA